UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FASTAX, INC.,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**JACKSON HEWITT, INC.,** *et al.*<br><br>　　　　Defendants. | No. 13-3078 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Defendant Jackson Hewitt, Inc. filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff FasTax, Inc. opposed and filed a competing motion for declaratory judgment pursuant to Federal Rule of Civil Procedure 57. Specifically, FasTax seeks a declaration that a certain Release agreement is not valid. For the reasons set forth below, Jackson Hewitt's motion is granted in part and denied in part. Plaintiff's motion is denied.

**I.　BACKGROUND**

　　Plaintiff FasTax, Inc. and Defendant Jackson Hewitt, Inc. have a long-standing relationship as franchisee and franchisor, respectively. FasTax has operated Jackson Hewitt income tax return preparation business franchises in Oregon, Idaho, and California.

　　Jackson Hewitt's franchisees enter into agreements that give the franchisees license to operate Jackson Hewitt locations within a particular geographical area. (Complaint at ¶ 19) These areas are designated as "territories." (*See* Complaint at ¶ 19) This case arises out of a dispute over FasTax and Jackson Hewitt's franchise rights and responsibilities regarding several "territories" in Idaho (the "Idaho Territories"). The dispute began in 2009. In short, FasTax alleges that Jackson Hewitt owes FasTax over $1.1 million for acts relating to the Idaho Territories. (*See* Opposition Br. at 4)

In the midst of the dispute over the Idaho Territories that began in 2009, Jackson Hewitt filed for bankruptcy in the United States Bankruptcy Court for the District of Delaware on May 24, 2011. (Bankruptcy Petition No. 11-11587-MFW (D. Del)) FasTax appeared as a creditor on the Consolidated List of Creditors. Its address was correctly displayed on that list. (Certification of Eric Blaha, Esq., Exhibit B) Jackson Hewitt sent FasTax proper notices about the filing of the Chapter 11 Bankruptcy. (*See* Bankruptcy Dkt. No. 81-1 at Exhibit A, pgs. 301-02) The notices informed Plaintiff that the Bankruptcy Plan ("the Plan") would not give unsecured creditors a right to recovery. (Bankruptcy Dkt. No. 81-1 at Exhibit B) Jackson Hewitt served Plaintiff with actual notice of the Effective Date of the Confirmed Plan. (Bankruptcy Dkt. No. 401 at pg. 295) Plaintiff did not object to the confirmation of the Plan or appear at the hearing. (Jackson Hewitt's Reply at 4)

Jackson Hewitt and its secured lenders agreed to modify the Bankruptcy Confirmation Plan to create a trust to hold a certain amount of cash and estate causes of action for the benefit of the unsecured creditors (the "Trust"). (Moving Br. at 3)

The Bankruptcy Plan became effective on August 16, 2011. (Bankruptcy Dkt. No. 396) The Bankruptcy Confirmation Order precluded all claims arising before the effective date of the Bankruptcy Plan. All of FasTax's claims arose before the effective date of the Plan. (*See* Jackson Hewitt's Reply at 6)

Meanwhile, in August 2011, Jackson Hewitt presented FasTax with a new franchise agreement to replace one that had expired in 2009. (Affidavit of Calvin Phillips at ¶ 58) In connection therewith, Jackson Hewitt asked Plaintiff to execute certain release agreements ("The Release"). The Release would extinguish any claims Plaintiff had against Jackson Hewitt independently of the bankruptcy proceedings. Plaintiff placed hand-written notes on the Release, stating that it "ONLY PERTAINS TO OREGON BASED TERRITORIES." (Complaint at ¶ 133) On October 6, 2011, five individual FasTax owners and guarantors sent this modified Release back to Jackson Hewitt.

Thereafter, the Complaint alleges, Jackson Hewitt fraudulently removed FasTax's handwritten notes on the Release so that the Release would pertain to all FasTax's territories. (Complaint at ¶ ¶ 143-146; Affidavit of Calvin Phillips at ¶ ¶ 71-75) Jackson Hewitt admits that it told FasTax via e-mail that the handwritten notes limiting the Release to the Oregon Territories were unacceptable. (Jackson Hewitt's Reply at 5; Reply Affidavit of James Coons ("Coons Reply Aff"), Exhibit A) It is undisputed that Jackson Hewitt sought FasTax's authorization via e-mail to remove the hand-written notes. (*See* Jackson Hewitt's Reply at 4-5) Fastax's only

2

reply to this request was an e-mail from a FasTax representative that said, "So just say ok? Or are you going to fax me something to sign?" (Coons Reply Aff., Exhibit A) Jackson Hewitt responded via e-mail, "Your consent via e-mail is sufficient, as we already have the signature pages you previously submitted." (*Id.*) Jackson Hewitt received no further communication from FasTax. Apparently, Jackson Hewitt replaced the pages containing handwritten notes with "clean" copies and sent an executed copy of an unmarked Release back to FasTax. (*See* Jackson Hewitt's Reply at 4-5; Opposition Br. at 2) FasTax alleges that it promptly contacted Jackson Hewitt officials to dispute Jackson Hewitt's actions. (Complaint at ¶ 144)

On December 21, 2011, the Trust filed a motion to establish a bar date for filing proofs of claim. (Jackson Hewitt's Reply at 4) On January 18, 2012, the Bankruptcy Court entered an order (the "Bar Date Order"), establishing a February 26, 2012 bar date for filing proofs of claim. (Bankruptcy Dkt. No. 520) The Bar Date Order required Jackson Hewitt to notify all Trust Creditors of the bar date. (Bankruptcy Dkt. No. 520)

On February 6, 2012, twenty days before the bar date, FasTax's counsel sent a letter via certified mail accusing Jackson Hewitt of illegally taking FasTax's business assets in the Idaho Territories as of summer 2010. (Certification of Eric Blaha, Esq., Exhibit P) In spite of the Bar Date Order and the February 6, 2012 letter, Jackson Hewitt sent FasTax no Notice of Bar Date. FasTax filed no notice of claim.

On May 14, 2013, Plaintiff filed a nine-count Complaint. Count 9 sought a declaration that the Release is invalid. Count 5 contained a cause of action under the New Jersey Franchise Act. The other seven Counts contained common law causes of action seeking damages.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6) Motion to Dismiss

Jackson Hewitt seeks dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See*

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998) (*citing Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

### B. Declaratory Judgment

Plaintiff seeks a declaratory judgment pursuant to Federal Rule of Civil Procedure 57. The relief sought is a declaration that the Release is "invalid and/or inapplicable and should not preclude FasTax's claims against Jackson Hewitt pertaining to the Idaho Territories." (Complaint at ¶ 230) Jackson Hewitt argues that Plaintiff's motion is procedurally defective. It argues that a party may not file a motion for declaratory judgment, but only a separate action for declaratory judgment. (Jackson Hewitt's Reply at 10-11)

The Advisory Committee Notes to Rule 57 state, "A declaratory judgment is appropriate when it will 'terminate the controversy' giving rise on undisputed or relatively undisputed facts." In this case, merely declaring the Release invalid will not "terminate the controversy." It would only bar Jackson Hewitt from asserting an absolute defense to liability. Therefore Rule 57 does not apply here.

The court will treat the motion as one for partial summary judgment. Federal Rule of Civil Procedure 56 provides for summary judgment "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court considers

4

all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

## III. DISCUSSION

### A. FasTax's Claims Were Not Discharged in Bankruptcy.

Jackson Hewitt argues that its bankruptcy discharged FasTax's claim. In opposition, FasTax argues that the failure to send a Notice of Bar Date was a due process violation that permits its claims to survive the bankruptcy discharge. Because FasTax was a known creditor which did not receive actual notice of the bar date, the discharge is not applicable to FasTax's claim.

"If claimants were 'known' creditors, then due process entitled them to actual notice of the bankruptcy proceedings." *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995). "Known creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date." *Id.* at 346 (*citing City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953)). Absent actual written notice, a known creditor's suit may proceed. *Id.* at 346. If a debtor fails to send a known creditor notice of the bar date for filing a proof of claim, in compliance with Bankruptcy Rule 2002(a)(8), the creditor's due process rights have been violated, and Section 1141 does not extinguish the creditor's claims. *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 834 (11th Cir. 1989). *See also City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293 (1953) (discharge provision of bankruptcy code did not operate against claim of creditor who never received actual notice of bar date for filing a claim); *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94, 99 (1st Cir. 1974) ("[T]he fact that the creditor may, as here, be generally aware of the pending reorganization, does not itself impose upon him an affirmative duty to intervene in that matter and present his claim."); *In re Harbor Tank Storage,* 385 F.2d 111, 115 (3d Cir. 1967) ("[A] creditor has every right to assume that he will be sent all notices to which he is entitled under the Act.").

Jackson Hewitt does not dispute that FasTax was a known creditor entitled to actual notice. FasTax was on a list of creditors at the beginning of the bankruptcy. Moreover, Jackson Hewitt was at the very least put on notice as of February 6, 2012 of FasTax's claims against Jackson Hewitt. For these reasons, FasTax was a "known creditor." As a known creditor, FasTax was entitled to actual notice of the bar date. It is irrelevant that FasTax knew that the bankruptcy was occurring. Jackson Hewitt's failure to provide FasTax with actual notice of the bar date means that the Chapter 11 discharge does not apply to FasTax's claims.

Jackson Hewitt argues alternatively that, even if the claims were not discharged in bankruptcy, Plaintiff's relief should be limited to filing a late notice of claim against the Trust in Bankruptcy Court. This is not a convincing argument. To hold that Plaintiff's relief should be limited to whatever is leftover in the Trust is indistinguishable from holding that the claims were discharged in bankruptcy. Jackson Hewitt cites no case law directly on point to support its position.

### B. Validity of the Release Is in Dispute.

Jackson Hewitt argues alternatively that the Release discharged FasTax's claims. FasTax filed its own motion for a declaration that the Release is invalid. The court denies both motions so that discovery on the issue of FasTax's consent can take place.

Many facts regarding the creation of the Release are not in dispute. In its Reply Brief, Jackson Hewitt wrote:

> In or around August 2011, the parties sought to renew the franchise relationship through the execution of new franchise agreements. See Dkt. No. 13 at ¶ 58. In connection therewith, Plaintiff was required to execute certain release agreements, including a document titled "Release – Corporation."  See Dkt. No. 8-3 (the "Release"). Accordingly, in or around August 2011, Jackson Hewitt sent Plaintiff blank copies of the new franchise agreements, which contained the Release to be executed by Plaintiff. Plaintiff returned a signed copy of the Release, which contained handwritten notations. Shortly after receiving the revisions from Plaintiff, Jackson Hewitt sent Ms. Christina Phillips, co-owner and President of Plaintiff, an e-mail noting that Jackson Hewitt could not accept the revisions as stated. A true and accurate copy of the e-mail chain is attached to the Declaration of James S. Coons ("Coons Dec.") as Exhibit A. The initial e-mail from Jackson Hewitt explained that: "[Jackson Hewitt] cannot execute these agreements as such and needs to replace the pages that you wrote on with new ones. Please confirm your consent to do the same. Upon receiving your consent we will then execute your Renewal Agreements." Id. Ms. Phillips sent a reply e-mail to Jackson Hewitt stating, "So just say okay? Or are you going to fax me something to sign?" Id. The next day, Jackson Hewitt sent a reply stating: "Your

6

> consent via e-mail is sufficient, as we already have the signature pages you previously submitted." Id. After not receiving any follow-up e-mails or other correspondence from Ms. Phillips, or anyone else affiliated with Plaintiff regarding the new franchise agreements or the Release, Jackson Hewitt sent Plaintiff executed copies of the documents.

(Jackson Hewitt's Reply at 9-10)

Under New Jersey Law, an enforceable contract is created when two parties agree on essential terms and manifest an intention to be bound by those terms. *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (2001). The offeree must demonstrate assent to the terms unequivocally. *Johnson & Johnson v. Charmley Drug Co.*, 11 N.J. 526, 538 (1953).

The court cannot find that FasTax gave unequivocal consent to remove the pages with the critical handwritten notations. Construing the facts alleged (or so far produced) in FasTax's favor, as the legal standard requires, the court finds a lack of unequivocal assent for four reasons. First, FasTax used handwritten notations to demonstrate its intent to limit the scope of the Release to the Oregon Territories. (Complaint at ¶ ¶ 143-146; Affidavit of Calvin Phillips at ¶ ¶ 71-75) The logical inference is that FasTax placed this writing on the Release so as not to give up the $1.1 million claim regarding the Idaho Territories. An e-mail from Jackson Hewitt even recognized FasTax's intent to have the Release apply to only the Oregon Territories. Jackson Hewitt's e-mail stated, "[W]e noticed that you wrote on the [Release] that the terms only pertain to the Oregon based territories. These releases apply to all territories and are not state specific." (Affidavit of Calvin Phillips, Exhibit L) Second, FasTax never sent via e-mail unequivocal consent to remove the hand-written notations. Third, FasTax claims that it promptly voiced its objections to Jackson Hewitt's unilaterally substituting "clean" pages" of the Release for the ones with the handwritten notations on them. (Complaint at ¶ 144) Finally, the February 6, 2011 letter from FasTax's lawyer to Jackson Hewitt regarding the claims over the Idaho Territories seems inconsistent with FasTax having given its consent to remove the handwritten notes. (Certification of Eric Blaha, Esq., Exhibit P) These facts demonstrate a lack of unequivocal assent to release Jackson Hewitt from its liabilities arising out of the Idaho Territories. Therefore, the relevant facts do not warrant granting Jackson Hewitt's motion to dismiss on the grounds of a valid Release.

At the same time, the undisputed facts on the record, when construed in the light most favorable to Jackson Hewitt, do not warrant an order of summary judgment that the Release was invalid.  The facts so far adduced in discovery could lead a rational jury to conclude that Christina Phillips's e-mail that stated, "So just say okay?" amounted to consent.  In the absence of complete discovery, it would be premature for the court to conclude that FasTax did not manifest its assent to the Release.  For these reasons, the court cannot grant FasTax's motion for partial summary judgment.  *See Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 848 (3d Cir. 1992) ("Summary judgment was premature in the absence of crucial discovery."); *Penn Galvanizing Co. v. Lukens Steel Co.*, 59 F.R.D. 74, 80 (E.D. Pa. 1973) ("[T]he absence of complete pretrial discovery renders a summary judgment motion premature.").

**C.    The Parties Do Not Dispute that Count 5 of the Complaint Should Be Dismissed.**

Jackson Hewitt seeks dismissal of Count 5 of the Complaint (violation of New Jersey Franchise Practices Act) on bases independent of the bankruptcy and the Release.  In its Opposition Brief, FasTax agreed to withdraw Count 5.  (Opposition Br. at ¶ 5)  The court will accordingly dismiss Count 5 of the Complaint.

**IV.    CONCLUSION**

For the reasons set forth above, Jackson Hewitt's motion is granted with respect to Count 5 only.  Jackson Hewitt's motion to dismiss is otherwise denied.  FasTax's motion to declare the Release invalid with respect to FasTax's claims against Jackson Hewitt pertaining to the Idaho Territories is denied.

/s/ William J. Martini

_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 20, 2014**